**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| AMY GRAY,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA,<br><br>    Defendant. | 2:13-cv-00834-GMN-VCF<br><br>**ORDER AND<br>REPORT & RECOMMENDATION**<br><br>(Motion/Application to Proceed *In Forma Pauperis* (#1), Complaint (#1-1), and Motion for Appointment of Counsel #2). |

Before the court are plaintiff Amy Gray's Motion/Application to Proceed *In Forma Pauperis* (#1), Complaint (#1-1), and Motion for Appointment of Counsel (#2).

**I.**   ***In Forma Pauperis* Application**

In plaintiff Gray's application, she asserts that she is unemployed, but that she receives $90.00 utility reimbursement checks each week. (#1). Plaintiff has a zero balance in her checking and saving accounts, and her regular monthly expenses total $1,079.00. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.**   **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.     Plaintiff's Complaint/Request for Counsel/Discussion

Plaintiff asserts in her complaint that she is appealing a Family Court decision wherein Judge Jones refused to recuse himself. (#1-1). Plaintiff also asserts that the Nevada Supreme Court denied her appeal due to her inability to pay the filing fees because she has "no income." *Id.* Plaintiff states that she also "need[s] legal representation on this matter." *Id.*

"The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986). 28 U.S.C. § 1257 provides that the proper court in which to obtain such review is the United States Supreme Court.[1] As plaintiff seeks to appeal a state court ruling, this court does not have jurisdiction, and the complaint (#1-1) should be dismissed. *See Id.* Plaintiff's request for counsel (#2) is therefore denied.

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983). *See Atlantic Coast Line R. Co. v. Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970) (lower federal courts may not sit in review of state courts' decisions); *Rooker v. Fidelity Trust Co.*, 263 U. S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Texaco v. Pennzoil Co.*, 784 F.2d 1133, 1141-42 (2d Cir.) (inferior federal courts may not act as appellate tribunals over state courts) prob. juris. noted, 477 U.S. 903, 106 S.Ct. 3270, 91 L.Ed.2d 561 (1986).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Amy Gray's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel (#2) is DENIED.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be dismissed *with prejudice*, as "it is clear from the face of the complaint that the [jurisdictional] deficiencies could not be cured by amendment." *See Cato*, 70 F.3d at 1106.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of June, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**