# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| AMY GRAY | 2:13-cv-00834-GMN -VCF |
| Plaintiff, | **ORDER** |
| vs. | (Motion for Order by U.S. District Court to Transfer Appeal to the U.S. Supreme Court #11) |
| STATE OF NEVADA, | |
| Defendant. | |

Before the Court is Plaintiff Amy Gray's Motion for Order by U.S. District Court to Transfer Appeal to the U.S. Supreme Court (#11). No opposition has been filed.

**I.     Relevant Background**

On July 1, 2013, Plaintiff Gray filed her Complaint against the State of Nevada in the United States District Court, District of Nevada. (#8). On the same day, the Court dismissed this case and entered a judgment in favor of the State of Nevada. (#9). On July 15, 2013, Plaintiff Gray appealed, *see* (#10), and filed a Motion for Order by U.S. District Court to Transfer Appeal to the U.S. Supreme Court. (#11).

**II.     Discussion**

After a notice of appeal has been filed, the district court is divested of jurisdiction over the matters being appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982) (per curiam); *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982). "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts

simultaneously." *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983); *Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

"The principle of exclusive appellate jurisdiction is not, however, absolute. (citation omitted). The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Sw. Marine Inc.*, 242 F.3d at 1166. Thus, the District Court may continue to "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Fed. R. Civ. P. 62(c); *Sw. Marine Inc.*, 242 F.3d at 1166. Such retained jurisdictional authority does not "restore jurisdiction to the district court to adjudicate anew the merits of the case." *Sw. Marine Inc.*, 242 F.3d at 1166. The District Court cannot, therefore, "materially alter the status of the case on appeal." *Id*.

In the present action, judgment has been entered and Plaintiff Gray has filed a notice of appeal. *See* (## 9-11). This Court lacks jurisdiction to decide her Motion (#11) as doing so would "materially alter the status" of the present action. *See Sw. Marine Inc.*, 242 F.3d at 1166. The Court therefore denies Plaintiff Gray's Motion (#11) for lack of jurisdiction.

Accordingly and for good cause shown,

IT IS ORDERED that Plaintiff Amy Gray's Motion for Order by U.S. District Court to Transfer Appeal to the U.S. Supreme Court (#11) is DENIED for lack of jurisdiction.

DATED this 23rd day of July, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE